IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KATHERINE L. HALL,

                   Plaintiff,

    v.

BOSTON SCIENTIFIC CORP.,

                   Defendant.

ORDER

15-cv-338-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff Katherine Hall is suing defendant Boston Scientific Corp. for injuries she says she sustained from using defendant's Obtryx pelvic mesh device. Most pretrial proceedings were handled in multidistrict litigation, but the case was transferred to this court for trial, which is scheduled for October 13, 2015. Now before the court is plaintiff's motion under Fed. R. Civ. P. 43 and 45 to require three witnesses to testify remotely by a video transmission. Dkt. #39. Plaintiff's motion applies to three of defendant's employees, James Goddard (a research and development manager), Janice Connor (the director of clinical programs for the urology and women's health division) and Doreen Rao (an engineer). None of the witnesses have agreed to testify at trial voluntarily.

     Under Fed. R. Civ. P. 43(a), a court may grant a request for a witness to testify remotely for "good cause in compelling circumstances and with appropriate safeguards." Because the witnesses live outside Wisconsin and more than 100 miles from the courthouse,

1

the court cannot compel the witnesses to come to the courthouse to testify. Fed. R. Civ. P. 45(c)(1). Thus, in the absence of live video testimony, the parties will have to rely on video depositions to present the testimony of these three witnesses. All things being equal, live testimony is preferable to a deposition, both because it allows for a fuller presentation of the facts and because it is more engaging for the jury.

Defendant cites the Advisory Committee Notes to support the view that a court should not grant a request under Rule 43 unless the need for remote testimony is unanticipated. However, the primary concern of the committee seems to be with a party's attempt to present remote testimony from a witness who otherwise could be compelled to testify in court. The committee wrote:

> The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important—witnesses might not be available at a later time.

In other words, the committee was concerned that remote testimony is less desirable than testimony in court because it may deprive the parties and the factfinder of the fullest presentation of the evidence. Obviously, this concern does not apply when the alternative to remote testimony is deposition testimony, which is yet another step removed from

2

testimony in court.

Defendant says that it will be prejudiced by requiring the three witnesses to testify remotely, but its argument is unconvincing. In particular, defendant says that the witnesses already have provided deposition testimony multiple times and they may have to testify for other cases involving similar claims, so it is unduly burdensome for them to testify again at trial. However, plaintiff's request does not subject these witnesses to any greater burden than the one they would face if they lived closer to the courthouse. In other words, a witness who lives within 100 miles of the location of the trial cannot be excused from testifying at trial simply because she testified earlier. Because plaintiff is not asking these witnesses to travel more than 100 miles and she has offered to pay the witnesses' expenses associated with their testimony, I decline to find that the inconvenience of testifying qualifies as unfair prejudice. To the extent defendant is complaining about the number of depositions that have been taken in this case, that is separate issue with which this court was not involved. Presumably, defendant had an opportunity to raise any objections it had about depositions in the multidistrict litigation court. In any event, defendant points to no rule that eliminates a witness's duty to testify at trial when the witness sits for multiple depositions.

In sum, the benefits of live testimony over deposition testimony are significant and defendant has not identified a persuasive reason for denying plaintiff's request. Accordingly, I find that plaintiff has shown good cause and compelling circumstances for allowing remote testimony in this case.

Rule 43 includes the additional requirement to provide "appropriate safeguards" when

3

permitting remote testimony. According to the Advisory Committee Notes, "[s]afeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured." Neither party discusses this requirement, but I repeat the observations of another court that granted a similar request:

> The Court expects the testimony to be presented smoothly and without interruption. In the event of a technological failure or glitch, [p]laintiff[] will forfeit the opportunity to engage in the examination of th[ese] witness[es]. Both parties will provide any exhibits they plan to utilize to the witness[es] in advance of his testimony. The parties shall take heed to limit the number of documents to prevent any delays or confusion.

Rockett v. Stifel, Nicolaus & Co., No. 7:12-cv-144 HL, 2014 WL 5500546, at *1 (M.D. Ga. Oct. 30, 2014). In addition, I expect plaintiff to contact both the clerk's office and defendant to make arrangements so that plaintiff can test its equipment well in advance of trial.

ORDER

IT IS ORDERED that plaintiff Katherine Hall's "motion to permit live trial testimony via contemporaneous transmission," dkt. #39, is GRANTED. The clerk of court is directed

4

to issue three blank subpoena forms to plaintiff.

 Entered this 9th day of September, 2015.

        BY THE COURT:

        /s/
        BARBARA B. CRABB
        District Judge