**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TERRESKI MULLINS, et al.,

Plaintiffs,

v. CIVIL ACTION NO. 2:12-cv-02952

ETHICON, INC., et al.,

Defendants.

**MEMORANDUM OPINION & ORDER**
***(Plaintiffs' Motion to Permit Live Trial Testimony via Contemporaneous Transmission)***

Pending is the plaintiffs' Motion to Permit Live Trial Testimony via Contemporaneous Transmission [ECF No. 170] ("Pls.' Mot."). The defendants filed their Response [ECF No. 212] on November 9, 2015, and the plaintiffs filed their Reply [ECF No. 230] on November 12, 2015. The Motion is now ripe for consideration. As set forth below, the Motion is **GRANTED**, subject to the conditions herein.

## I. Background

The plaintiffs wish to call at trial Dan Smith and Laura Angelini. Smith is an engineer for Ethicon and, among other things, "has intimate knowledge of the design of the TVT." Mem. Supp. Pls.' Mot. 3 [ECF No. 171] ("Pls.' Mem."). Angelini—the "godmother of TVT"—has worked for Johnson & Johnson and its subsidiaries for more than twenty years. *Id.* According to the plaintiffs, "[t]hese witnesses possess

knowledge that is crucial to this [consolidated] case." *Id.* Both were deposed as witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Resp. 1–2.

The plaintiffs want to present the live testimony of Smith and Angelini, but the defendants have refused to make Smith and Angelini available. Pls.' Mem. 4. As a result, the plaintiffs now seek the court's intervention, requesting the court to permit live video testimony of these witnesses. In the alternative, the plaintiffs ask the court to "order a trial deposition of each witness to be used by both [parties] at trial in lieu of live testimony" and to "bar [d]efendants from using live testimony of any witness they refuse to make available for [p]laintiffs' case." *Id.*

## II. Legal Standard

A federal district court "may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Testimony of this type is permitted only on showing "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). When determining whether there is good cause and compelling circumstances, other courts have considered various factors:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

*In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006).

## III. Discussion

The limited issue presently before the court is whether good cause and compelling circumstances favor the presentation of Smith and Angelini's testimony via live video transmission or by an attorney's cut of their deposition videos.[1] While live testimony in court may be preferable, it is not possible here because the defendants refuse to make these witnesses available and these witnesses cannot be haled to a West Virginia courthouse. The second-best option (i.e., live video testimony) is appropriate here for a number of reasons.

*First*, the defendants unquestionably have control of the witnesses because they currently employ Smith and Angelini, both of whom are relatively important and knowledgeable employees. *See Vioxx*, 439 F. Supp. 2d at 643 (finding employer had "significant control" of witness "based on [his] occupation" as an upper-level officer).

*Second*, this consolidated case, in and of itself, involves complex issues and multiple parties. This small compilation of West Virginia cases also represents a much larger collection of cases that involves parties from across the several states. As a result, this small sampling of cases will bear on many more cases beyond the bounds of this consolidated trial. *See, e.g.*, PTO No. 184, at 7 ("[The disposition of

[1] Whether a subpoena may issue is not before the court. Any discussion of the applicability and reach of Rule 45 of the Federal Rules of Civil Procedure is tertiary to the relief requested by the plaintiff (i.e., that the court "permit live trial testimony via contemporaneous transmission"). Pls.' Mot. 1. The court will not assume the plaintiffs are requesting an order compelling the witnesses to testify via live video transmission when the plaintiffs have not sought a subpoena to this effect and have not clearly stated they are seeking such an order.

[these] TVT cases on this issue of design defect in one trial may facilitate settlement among the parties . . . .").

*Third*, whether the defendants are attempting to gain a tactical advantage is not immediately identifiable. But *Vioxx* provides illumination. There, despite the plaintiff's offers to pay travel expenses, the defendant refused to produce a witness who "possesse[d] information highly-relevant [sic] to the plaintiff's claims." *Vioxx*, 439 F. Supp. 2d at 643. This information had the potential to damage the defendant's position, so the court assumed the defendant was refusing to make the witness available "to eliminate any unpredictability and limit [the witness's] trial testimony to his 'canned' deposition testimony—a purely tactical reason." *Id.* Here, aside from the offer to pay travel expenses, the court is presented with the same circumstances: the witnesses are relatively important and knowledgeable employees of the defendants, the defendants refuse to make these witnesses available, and the defendants want to limit the testimony of these witnesses to deposition testimony. The court agrees with the *Vioxx* court's assessment and finds these circumstances show the defendants' refusal is purely tactical.

*Fourth*, the defendants do not claim they will be prejudiced by live video transmission of the witnesses' testimony. The court will not conjure up potential prejudices to support the defendants' position.

*Fifth*, the management of complex multi-district litigation of this variety requires flexibility. This consolidated case may impact hundreds and thousands of

cases in this MDL, so it is important to ensure a coherent presentation of the evidence. Live video transmission will promote coherency, especially when the alternative is spliced, edited, and recompiled clips of depositions that took place over multiple days. Additionally—considering the volume of cases in this MDL—it is important to ensure efficient use of judicial resources. Again, live video transmission will promote this interest, relieving the district court and the magistrate court of the burden of reviewing voluminous transcripts of multi-day depositions, analyzing hours of edited videos submitted for trial, and then ruling on objections to those videos.

Each factor tips the scale further in favor of testimony by live video transmission. Testimony of this sort may be less favorable than live testimony from a witness seated at the witness stand, but it is more favorable than an attorney's cut of deposition videos. *Vioxx*, 439 F. Supp. 2d at 644 (finding live video transmission "satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony"). At bottom, good cause and compelling circumstances support the presentation of Smith and Angelini's testimony via live video transmission.

## IV. Conclusion

Accordingly, the plaintiffs' Motion to Permit Live Trial Testimony via Contemporaneous Transmission [ECF No. 170] is **GRANTED** provided the plaintiffs can make all arrangements with this court and a suitably equipped federal court in the appropriate district to ensure that two-way audio and video transmissions will be fully functional during trial. The plaintiffs are advised to consult and comply with the

Local Rules for the Southern District of West Virginia as they make these arrangements.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 7, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE