IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

           Plaintiffs,

v.                                                                  CIVIL ACTION NO.   2:12-cv-02952

ETHICON, INC., et al.,

           Defendants.

**ORDER**
**(Re: Date product "was made" under *Morningstar* analysis)**

This order addresses the relevant date of inquiry relating to the design defect analysis in West Virginia. Under West Virginia products liability law, the standard for reasonable safeness is determined "by what a reasonably prudent manufacturer's standard should have been *at the time the product was made*." *Morningstar v. Black & Decker Mfg.*, *Co*, 253 S.E.2d 666, 683 (W. Va. 1979) (emphasis added).

By Pretrial Order ("PTO") #184 consolidating these cases on the issue of design defect, the court identified October 2002 as the relevant date:

> The temporal differences in the surgeries [among the thirty-seven West Virginia plaintiffs implanted with TVT], taking place over a twelve-year span, also do not raise a significant concern with regard to consolidation. In West Virginia, the design defect inquiry focused on the date that the product at issue was marketed. That date, October 2002, is the same for all TVT plaintiffs, regardless of when they received their surgeries.

PTO # 184, 5 [ECF No. 25] (citations omitted).[1]

---

[1] The court again affirmed October 2002 as the relevant date of inquiry for design defect analysis in an Order clarifying and responding to objections to PTO #184. Mem. Opinion & Order, Aug. 4, 2015 [ECF No. 38].

The court references the First Amended Master Long Form Complaint and Jury Demand at paragraph 12 in support of the October 2002 date. That paragraph states "[i]n or about October, 2002, Defendants began to manufacture, market[,] and sell a product known as Gynemesh, for the treatment of medical conditions in the female pelvis, primarily pelvic organ prolapse and stress urinary incontinence." First. Am. Master Long Form Compl. & Jury Demand ¶ 12 ("Am. Master Compl.") Although the TVT is mentioned several paragraphs later, no date is given in relation to when the defendants began to manufacture or sell TVT. Am. Master Compl. ¶ 17. ("The Defendants market and sell a product known as TVT, for the treatment of stress urinary incontinence in females.")

In several filings, Ethicon has suggested that the court may have intended to use the date of January 1998, rather than October 2002. In Ethicon's Memorandum supporting its Omnibus Motions in Limine, Ethicon states:

> As an initial matter, Ethicon wishes to clarify a factual inaccuracy in the Court's clarification order. In its Clarification of PTO # 184, the Court ruled that October 2002 is the date of marketing for the TVT product, citing the Plaintiff's Master Long-Form Complaint. [Doc. 8, p. 18]. Respectfully, this date is in error, as the TVT was cleared by the FDA for sale on January 28, 1998. Accordingly, January 1998, not October 2002, is the pertinent first date of sale for the TVT to the extent that fact is relevant to any of the Court's rulings.

Defs.' Mem. Supp. Omnibus Mot. Limine 4 [ECF No. 144] (citations omitted). The plaintiffs' responses to this Motion do not address Ethicon's suggestion that January 1998 should be used in place of October 2002. Pls. Resp. Omnibus Mot. Limine Nos. 8, 13,&14 [ECF No. 187]; Pls.' Resp. Omnibus Mot. Limine Nos. 3, 4, 6, 10 &11[ECF No. 196]; Pls. Resp. Omnibus Mot. Limine Nos. 1, 2, 5, 7, 9, 12 &15 [ECF No. 208]. Similarly, in a Daubert Motion, Ethicon states that January 1998 is the relevant date, "as that is the actual date that TVT was cleared to be sold in the

United States." Defs.' Mem. Supp. Mot. Exclude Testimony Anne Wilson 14 n.5. [ECF No. 119]. The plaintiffs' Response again did not address this argument and made no mention of the relevant date. [ECF No. 188].

In this same pleading, Ethicon states that TVT was cleared by the FDA in January 1998, but was "introduced in the United States in July 1998." *Compare* Defs.' Mem. Supp. Mot. Exclude Testimony Anne Wilson 4 ("cleared by the FDA in January 1998"), *with id.* at 3 n.1 ("introduced in the United States in July 1998"), *with id.* at 13 ("introduced into the United States market in 1998").

For purposes of addressing the pending Motions in Limine and challenges to expert testimony, the court finds it necessary to establish when the TVT "was made" pursuant to *Morningstar*. The court **ORDERS** the parties to confer on this issue and, if they are able to reach consensus, to file a stipulation on or before February 3, 2016, identifying the relevant date. If the parties are unable to enter into a stipulation or require a hearing on the matter, the parties should advise the court's law clerk via email on or before the deadline.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 26, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE