IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE:   ETHICON, INC.
         PELVIC REPAIR SYSTEM                    MDL NO. 2327
         PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO
CONSOLIDATED LEAD CASE:

*Mullins, et al. v. Ethicon, Inc., et al.*              *Civil Action No. 2:12-cv-02952*

ORDER

Pending before the court is the plaintiffs' Motion for Leave to Amend Complaints [ECF No. 461]. The defendants did not file a timely response.

The plaintiffs in these consolidated cases seek to amend their respective complaints to include the tort of spoliation, which is recognized under the laws of West Virginia as a stand-alone tort. Syl. 9, *Hannah v. Heeter*, 584 S.E.2d 560, 564 (W. Va. 2003) ("West Virginia recognizes intentional spoliation of evidence as a stand-alone tort when done by either a party to a civil action or a third party."). The plaintiffs point out that Magistrate Judge Eifert previously (1) determined that spoliation had occurred, (2) granted monetary sanctions against Ethicon, and (3) ordered that the plaintiffs could address whether spoliation evidence could be introduced at trial on a case-by-case basis for the purpose of tendering an adverse inference instruction. Mot. 2 (discussing PTO No. 100). The plaintiffs allege that since the issuance of PTO No. 100, they have identified more instances of purported spoliation. *See* Mot. 2–5. Based on these new discoveries, the plaintiffs wish to

allege a claim for spoliation.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The close of discovery in these cases occurs on July 25, 2016, and dispositive motions, if any, must be served by August 1, 2016. These spoliation claims are necessarily bound-up in the jury's consideration of the plaintiffs' negligent design and strict liability design defect claims. The elements of a West Virginia spoliation claim include consideration of the plaintiffs' inability to prove an underlying claim because of any spoliation. *See Hannah*, 584 S.E.2d at 569–70. Thus, any spoliation claim is contingent on the plaintiffs' success regarding their underlying claims. Accordingly, the addition of spoliation claims does not require the modification of the court's current scheduling order. *See* Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Further, the consolidation factors considered by the court in PTO No. 184 remain satisfied.

Accordingly, the court **GRANTS** the plaintiffs' Motion for Leave to Amend Complaints [ECF No. 461]. Any plaintiff in this consolidated action intending to pursue a claim for spoliation is **ORDERED to file the respective amended complaint on or before June 29, 2016**. The parties are reminded that all filings shall be captioned and docketed in the lead case, *Mullins, et al.*, No. 2:12-cv-02952.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      June 27, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE