IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION  MDL No. 2327

---

THIS DOCUMENT RELATES TO
CONSOLIDATED LEAD CASE:

*Mullins, et al. v. Ethicon, Inc., et al.*  Civil Action No. 2:12-cv-02952

AND MEMBER CASE:

*Janet Atkins, et al. v. Ethicon, Inc., et al.*  Civil Action No. 2:13-cv-11022

ORDER
(Plaintiffs' Motion Under Rule 41(a)(2) Requesting Dismissal Without Prejudice)

Pending before the court is the plaintiffs' Motion Under Rule 41(a)(2) Requesting Dismissal Without Prejudice [ECF No. 606].[1] Ethicon, Inc. and Johnson & Johnson's (collectively "Ethicon") filed a Response [ECF No. 724], and the plaintiffs filed a Reply [ECF No. 820].

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[e]xcept as provided by Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P.

---

[1] The plaintiffs' Motion was filed in the consolidated lead case, *Mullins, et al. v. Ethicon, Inc., et al.*, Civil Action No. 2:12-cv-02952.

41(a)(2). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *S.A. Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). "While there is a clear preference for granting such motions, '[i]n considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant.'" *Baker v. Purdue Pharma, L.P.*, 219 F.R.D. 111, 112 (S.D. W. Va. 2003) (quoting *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1986)).

"It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit." *Davis*, 819 F.2d at 1274. "Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." *Id.* at 1275. Actual legal prejudice is required to deny a motion to dismiss under Rule 41(a)(2). *See Bragg v. Robertson*, 54 F. Supp. 2d 653, 661 (S.D. W. Va. 1999) (Haden, C.J.). The court has considered at least four factors relevant to the prejudice issue: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation." *Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D. W. Va. 2003).

> The plaintiffs offer the following explanation for their Motion:
>
> [N]o medical provider has to date recommended the removal of [Mrs. Atkins's] TVT device. After conducting a good faith investigation as to Mrs. Atkins's current medical conditions and the causes therefore, Plaintiffs no longer wish to proceed with litigation. However, Plaintiffs wish to preserve their rights to bring a claim if at any point in the future Plaintiffs suffer a new cognizable injury medically and proximately

> caused by the TVT device. Since the TVT device remains implanted in Mrs. Atkins, [she] wishes to reserve her right to pursue compensation if she should suffer future injuries from the product."

Mem. Supp. Mot. 1–2 [ECF No. 607]. Further, the plaintiffs state the following:

> Plaintiffs gave Defendants notice of their intent to dismiss this case on April 17, 2016, before any depositions had taken place. As a result, no depositions have been taken, and Defendants have incurred minimal, if any, expenses specific to the Atkins case. Indeed, the only discovery served in this matter has been the Plaintiff Profile Form and the abbreviated Plaintiff Fact Sheet, which Plaintiffs provided to Defendants.

*Id.* at 4.

The court **FINDS** that Ethicon's expense relating to the plaintiffs' case is minimal and that the litigation has not progressed very far. The court further **FINDS** that the plaintiffs have provided a sufficient explanation for dismissal. Ethicon's argument that the case should not be dismissed because it would deprive it of potentially favorable evidence in this consolidated proceeding is without merit. The court **FINDS** that dismissing this case without prejudice will not cause "substantial prejudice" to Ethicon. *See S.A. Andes*, 788 F.2d at 1036.

Accordingly, the court **GRANTS** the plaintiffs' Motion Under Rule 41(a)(2) Requesting Dismissal Without Prejudice [ECF No. 606]. The court **ORDERS** that this case is **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 2, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

3