IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

        Plaintiffs,

v.                            CIVIL ACTION NO.   2:12-cv-02952

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Order re: Ethicon's Motion to Dismiss Spoliation Claims)

Pending before the court is the defendants' Motion to Dismiss Cause of Action for Intentional Spoliation of Evidence [ECF No. 892]. The plaintiffs' filed a Response [ECF No. 933], and the defendants filed a Reply [ECF No. 991]. The Motion is now ripe for adjudication, and for the reasons provided below, the Motion is **GRANTED**.

## I.    Background

This case represents the consolidation of 31 out of nearly 28,000 cases filed against Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon"). The Ethicon MDL is one of seven MDLs assigned to me related to pelvic mesh, collectively encompassing nearly 58,000 cases. This action involves thirty-one West Virginia plaintiffs who were implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon to treat stress urinary incontinence ("SUI"). These cases have been consolidated on all claims. *See* Pretrial Order No. 184 [ECF No. 25]

("PTO"); Fourth Am. Docket Control Order [ECF No. 258].

On May 4, 2016, the plaintiffs filed a Motion for Leave to Amend Complaints [ECF No. 461], requesting to add a claim for intentional spoliation of evidence. Ethicon did not file a response, and on June 27, 2016, I entered an Order [ECF No. 821] granting the plaintiffs' Motion for Leave to Amend.[1] The plaintiffs subsequently amended their complaints to include intentional spoliation claims, a recognized stand-alone tort under West Virginia law.[2] Each plaintiff alleged intentional spoliation in the same manner: "Spoliation. The factual and legal bases discussed and cited in Plaintiffs' Motion for Leave to Amend Complaints (ECF No. 461), especially Exhibit M attached thereto, which was granted by ECF No. 821." *E.g.*, Am. Short Form Compl. 5 [ECF No. 831]. In other words, each plaintiff incorporated and fully relied on two documents—their Motion for Leave to Amend and Exhibit M attached thereto—to lay out their allegations of intentional spoliation.[3] Each amended complaint stated identical allegations regarding the intentional spoliation claim.

---

[1] According to Ethicon, it failed to file a timely response because of "inadvertent oversight." Mot. Vacate 2 [ECF No. 858].

[2] Ethicon's Motion challenges the sufficiency of the spoliation allegations contained in each of the thirty-one amended complaints.

[3] According to the U.S. Supreme Court, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("The court is not limited to the four corners of the complaint, however. Numerous cases . . . have allowed consideration of matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the district judge without converting the motion into one for summary judgment. These matters are deemed to be a part of every complaint by implication." (footnote omitted)).

Accordingly, this matter may be resolved with this singular Order.

Ethicon raises two arguments for dismissal. First, Ethicon argues that New Jersey law applies to the plaintiffs' spoliation claim because (1) West Virginia courts apply the choice of law doctrine of *lex loci delicti* to tort claims and (2) most of the spoliation occurred in New Jersey. Because New Jersey does not recognize intentional spoliation as a stand-alone tort, Ethicon argues that the plaintiffs have not stated a claim. Second, Ethicon argues that even if West Virginia law applies, the plaintiffs have failed to articulate sufficient facts to state a claim. I will address each of these arguments in turn.

## II.   Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). As the Supreme Court reiterated in *Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the–defendant–unlawfully–harmed–me accusation.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A court cannot accept as true

legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

## III.    Discussion

West Virginia recognizes intentional spoliation of evidence as a stand-alone tort. Syl. pt. 9, *Hannah v. Heeter*, 584 S.E.2d 560, 564 (W. Va. 2003). "Intentional spoliation of evidence is defined as the intentional destruction, mutilation, or significant alteration of potential evidence for the purpose of defeating another person's recovery in a civil action." *Id.* at syl. pt. 10. The tort of intentional spoliation of evidence consists of the following elements:

> (1) a pending or potential civil action; (2) knowledge of the spoliator of the pending or potential civil action; (3) willful destruction of evidence; (4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action; (5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action; (6) the party's inability to prevail in the civil action; and (7) damages.

*Id.* at syl. pt. 11.[4] The West Virginia Supreme Court states, "Once the first six elements are established, there arises a rebuttable presumption that but for the fact

---

[4] While these proceedings have been consolidated and the plaintiffs have pooled their resources to

4

of the spoliation of evidence, the party injured by the spoliation would have prevailed in the pending or potential litigation. The spoliator must overcome the rebuttable presumption or else be liable for damages." *Id.*

## A.    Conflicts of Laws

In order to determine whether West Virginia's intentional spoliation cause of action applies to this case, I must first review West Virginia's relevant conflicts of law principles. "When exercising diversity jurisdiction, a federal district court must apply the choice-of-law rules of the state in which it sits." *Cavcon Inc. v. Endress + Hauser, Inc.*, 557 F. Supp. 2d 706, 719 (S.D. W. Va. 2008) (Copenhaver, J.); *see also Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941) (deciding that the Erie Doctrine applies to the forum state's conflict of law principles). As this court sits within West Virginia, I must apply West Virginia's conflicts of law principles.

The Supreme Court of Appeals of West Virginia has stated that "[i]n general, this State adheres to the conflicts of law doctrine of *lex loci delicti.*" Syl. pt. 6, *McKinney v. Fairchild Int'l, Inc.*, 487 S.E.2d 913, 915 (W. Va. 1997). Under that doctrine, "the substantive rights between the parties are determined by the law of the place of injury." *Id.* at 922. Moreover, the West Virginia Supreme Court has determined that "under the *lex loci delicti* choice-of-law rule, West Virginia procedure applies to all cases before West Virginia courts." *Id.*; *see also Vest v. St. Albans*

---

jointly file their amended complaints, I am mindful of the fact that each plaintiff must sufficiently allege the necessary elements of intentional spoliation *as applied to her respective underlying claim* in order to survive a motion to dismiss.

*Psychiatric Hosp., Inc.*, 387 S.E.2d 282, 283–84 (W. Va. 1989) ("It is just as clear that West Virginia procedure applies in all cases before West Virginia state courts . . . ."). Further, the West Virginia Supreme Court has stated that "[t]he tort of intentional spoliation of evidence is, in part, *a procedural rule designed to protect local courts from the deliberate destruction of evidence necessary to prosecute claims.*" *Williams v. Werner Enter., Inc.*, 770 S.E.2d 532, 542 n.13 (W. Va. 2015) (emphasis added).

Ethicon argues that New Jersey law applies because the alleged spoliation did not occur in West Virginia. Defs.' Mem. Supp. Mot. Dismiss 3–4 [ECF No. 893]. Ethicon cites to an unpublished Fourth Circuit case—applying North Carolina law—to support the position that "the place of the wrong is the locale in which the last act by a defendant occurs which makes him liable in tort." *Id.* at 3 (quoting *Jordan v. Shaw Indus., Inc.*, Nos. 96-2189, et al., 1997 WL 734029, at *3 (4th Cir. 1997)). Ethicon states, "The last act by a defendant necessary to a claim of intentional spoliation is the 'willful destruction of evidence.'" *Id.* at 4. According to Ethicon, because the alleged spoliation "primarily occurred in New Jersey," that state's law should apply to the plaintiffs' claims. *Id.* Ethicon, however, has completely misapplied West Virginia law on this point.

As stated above, West Virginia law requires state courts to assess the substantive rights between the parties by applying "the law of the *place of injury.*" *McKinney*, 487 S.E.2d at 922 (emphasis added). According to the plaintiffs' allegations, Ethicon's spoliation negatively impacts their ability to prevail on their

underlying West Virginia product liability claims. Whether Ethicon spoliated evidence in New Jersey or not, the injury is suffered in West Virginia. The reason intentional spoliation of evidence is a tort at all in West Virginia is because "[d]estroying evidence can destroy fairness and justice, for it increases the risk of an erroneous decision on the merits of the underlying cause of action," and "such highly improper and unjustifiable conduct ought to be actionable." *Hannah*, 584 S.E.2d at 572 (citation omitted).

Ethicon's suggested result directly contravenes the West Virginia Supreme Court's focus on the place of injury and ignores the Court's determination that a claim of intentional spoliation of evidence is also a procedural rule designed to protect local courts. *See Williams*, 770 S.E.2d at 542 n.13.

Because West Virginia's choice of law principles require courts to apply the law of the place of injury and because the West Virginia Supreme Court considers the tort of intentional spoliation to be, in part, a procedural rule designed to protect local courts, I **FIND** that the law of West Virginia applies to the plaintiffs' intentional spoliation claims.

### B.    Failure to State a Claim

Ethicon next argues that the plaintiffs have failed to state a claim under West Virginia law.[5] Of the seven elements needed to establish the tort of intentional

---

[5] Ethicon and the plaintiffs rely heavily on determinations made by Magistrate Judge Eifert in Pretrial Order No. 100. However, Judge Eifert's ruling was assessed under the Federal Rules of Civil Procedure and was not assessed as a stand-alone tort claim. Accordingly, I will not consider Judge Eifert's ruling in the context of Ethicon's Motion to Dismiss. Instead, I will apply the legal standards

spoliation of evidence, Ethicon challenges the sufficiency of the plaintiffs' allegations as to only three of them: (1) the spoliator's intent to defeat the plaintiffs' claims, (2) the evidence was vital to plaintiffs' ability to prevail, and (3) the plaintiffs' ultimate inability to prevail. *See* Defs.' Mem. Supp. Mot. Dismiss 7–9. Accordingly, I will assess the sufficiency of the plaintiffs' allegations in relation to only those three elements.

### 1. Intent

The West Virginia Supreme Court has made clear that a party does not engage in the tort of intentional spoliation simply because the spoliation was willful or otherwise done knowingly. Instead, intent focuses on the *reason why* the evidence was spoliated in the first place, which must be the "intent of the spoliator to defeat a party's ability to prevail in a pending or potential civil action." *Hannah*, 584 S.E.2d at 573. This specific characterization of intent is so critical to sufficiently alleging a claim that the West Virginia Supreme Court took care to caution future plaintiffs:

> We caution that the party injured by spoliation must show more than the fact that potential evidence was intentionally destroyed. The gravamen of the tort of intentional spoliation is the *intent to defeat a person's ability to prevail in a civil action.* Therefore, it must be shown that the evidence was destroyed with the specific intent to defeat a pending or potential lawsuit.

*Id.* (emphasis in original). A review of the plaintiffs' allegations, however, reveals that they have not sufficiently alleged the requisite specific intent.

The sole allegation relating to Ethicon's specific intent is located in ¶ 8 of Exhibit M, which was incorporated into each amended complaint. *E.g.*, Am. Short

---

applicable to assessing the viability of claims generally.

Form Compl. 5 [ECF No. 831]; Pls.' Mot. for Leave to Amend, Ex. M [ECF No. 461-13] ("Exhibit M"). The plaintiffs collectively allege that "Ethicon has intended and/or intends to defeat Plaintiffs' ability to prevail in this present action because evidence destruction and preservation failures continue to occur despite the findings in PTO 100 and Ethicon's own recognition in January 2007 that it was not compliant with corporate records management requirements." Ex. M at ¶ 8. This allegation simply does not sufficiently allege the requisite specific intent element of the claim.

Even when accepted as true, the facts alleged do not support a finding that the plaintiffs have stated "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted). The fact that spoliation continued to occur after Ethicon was sanctioned in Pretrial Order No. 100 does not necessarily mean that Ethicon had the requisite intent. As alleged, Ethicon could have just as easily spoliated evidence through negligent conduct, and nothing alleged by the plaintiffs creates a reasonable inference that Ethicon possessed the

9

requisite intent.[6] The same is true for the plaintiffs' factual assertion that Ethicon recognized that it was not compliant with its corporate records management requirements. Both facts are consistent with the *possibility* that Ethicon intentionally spoliated evidence, but the allegations stop "short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

Additionally, nothing contained in the plaintiffs' Motion for Leave to Amend sufficiently alleges the requisite intent. Throughout the motion, the plaintiffs state that large sets of documents have been "lost" or "conveniently destroyed," and no factual allegation supports a reasonable inference that Ethicon spoliated with the intent of preventing the plaintiffs from prevailing. Thus, the plaintiffs have not articulated facts that have the hallmarks of a plausible claim that Ethicon intended to spoliate evidence in order to prevent the plaintiffs from prevailing in this action. Therefore, I **FIND** that the plaintiffs have failed to state a claim upon which relief may be granted because they have insufficiently alleged that Ethicon possessed the requisite intent.

### 2. Vital to Prevail

Additionally, the plaintiffs have failed to sufficiently allege that the spoliated evidence was "vital" to their cases. To succeed on an intentional spoliation of evidence

---

[6] "West Virginia does not recognize spoliation of evidence as a stand-alone tort when the spoliation is the result of the negligence of a party to the action." Syl. pt. 2, *Hannah*, 584 S.E.2d at 563.

claim, a plaintiff must sufficiently allege that "the spoliatd evidence was vital to [his or her] ability to prevail in the pending or potential civil action." Syl. pt. 11, *Hannah*, 584 S.E.2d at 564. The plaintiffs allege that "[t]he spoliated evidence is vital to Plaintiffs' ability to prevail in this present action, because much of it related to key former Ethicon officers, including the head of the company, and other key employees, such as sales representatives." Ex. M at ¶ 7. Apart from the plaintiffs' pure legal recitation of the element, the only alleged factual information supplied states that "much" of the spoliated evidence is "related" to key Ethicon employees. The plaintiffs provide no context for how the evidence is "vital" to each of their cases.

Even if evidence regarding key Ethicon employees is relevant, admissible, or even highly probative, it does not follow that such evidence must also be, ipso facto, "vital" to the plaintiffs' ability to prevail on their underlying claims. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.' Therefore, a plaintiff must 'articulate facts, when taken as true, that 'show' that the plaintiff has stated a claim entitling him to relief.'" *McDowell v. Town of Sophia*, No. 5:12-cv-01340, 2013 WL 525177, at *7 (S.D. W. Va. Feb. 11, 2013) (Berger, J.) (citations omitted). The plaintiffs' allegations are merely legal conclusions, couched in factual allegations that do not establish a reasonable inference that the spoliated evidence is vital to the plaintiffs' ability to prevail on their underlying claims.

11

Further, the plaintiffs do not discuss whether the spoliated evidence is vital to their underlying claims in their Motion for Leave to Amend. In fact, the closest the plaintiffs come to discussing how "vital" the evidence is to their cases is to argue that Ethicon destroyed evidence that *may have* been useful to the plaintiffs when Ethicon destroyed certain relevant TVT samples. Mot. Leave to Amend 8 ("Without question, TVT-O and TVT-S samples related to complaints present 'unique, relevant evidence that *might be useful to the adversary*.'" (quoting *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217–18 (S.D.N.Y. 2003)) (emphasis added)). The plaintiffs' argument that certain evidence *may have been helpful* does not allege that the same evidence was "vital" to their claims. I **FIND** that the plaintiffs have failed to state a claim upon which relief may be granted because they have insufficiently alleged that the spoliated evidence was vital to their ability to prevail on their individual products liability claims.

### 3. Inability to Prevail

Finally, Ethicon argues that the plaintiffs have failed to allege that the spoliated evidence resulted in an "inability to prevail" in the underlying litigation. Mem. Supp. Mot. Dismiss 7. The plaintiffs allege that they "may be unable to prevail in the underlying causes of action having been deprived of the destroyed evidence, because Ethicon has produced numerous important witnesses who worked there for years and have few, if any, documents in their custodial file." Ex. M at ¶ 9. The sixth element of intentional spoliation requires an "inability to prevail in the civil action."

Syl. pt. 11, *Hannah*, 584 S.E.2d at 564. Thus, the mere *possibility* that the plaintiffs will not succeed on their underlying claims absent the spoliated evidence cannot establish this necessary element; *actual* inability is required. The fact that the plaintiffs "*may* be unable to prevail" does not sufficiently allege an *actual* inability to prevail.

The plaintiffs' Motion for Leave to Amend contains several examples of destroyed files relating to specific individuals, but only one example comes close to alleging that certain plaintiffs have an inability to prevail on an underlying claim. The plaintiffs state that the custodial file, hard drive, and associated call notes for Ron Rink, a former Ethicon sales representative, were not preserved. According to the plaintiffs, Mr. Rink "regularly called on" Dr. Sze[7] between November 2005 and November 2011, and the loss of Mr. Rink's files will prevent nineteen plaintiffs from proving "what information Ethicon's representatives provided or did not provide to Dr. Sze regarding the TVT device, and are now prejudiced as a result." Mot. for Leave to Amend 4. Notably, the plaintiffs do not identify which underlying claim is allegedly obstructed by the loss of Mr. Rink's custodial files, etc. Even assuming that these factual allegations are bound up in the plaintiffs' failure to warn claims, the plaintiffs' allegations on this point are purely conclusory and do not provide adequate factual support for the allegation that failure on the claim is inevitable. I **FIND** that the plaintiffs have failed to state a claim upon which relief may be granted because they

---

[7] Dr. Sze implanted the TVT device in nineteen of the plaintiffs. Mot. for Leave to Amend 4.

have insufficiently alleged that they are unable to prevail on an underlying claim because of any spoliation.

## IV.   Conclusion

The plaintiffs have failed to state a claim of intentional spoliation of evidence under West Virginia law. Accordingly, Ethicon's Motion to Dismiss Cause of Action for Intentional Spoliation of Evidence [ECF No. 892] is **GRANTED**, and the plaintiffs' spoliation claims are **DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.


ENTER:        November 18, 2016


JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE