IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-02952

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment
re: Crystal Barr, et al., No. 2:13-cv-22606)

Pending before the court is the defendants' Motion for Partial Summary Judgment [ECF No. 1042]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This case represents the consolidation of twenty-six out of nearly 28,000 cases filed against Ethicon, Inc. and Johnson & Johnson, Inc. (collectively "Ethicon"). The Ethicon MDL is one of seven MDLs assigned to me related to pelvic mesh, collectively encompassing over 60,000 cases. This action involves twenty-six West Virginia plaintiffs who were implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon to treat stress urinary incontinence ("SUI"). These cases have been consolidated on all claims. *See* Pretrial Order No. 184 [ECF No. 25] ("PTO"); Fourth Am. Docket Control Order [ECF No. 258]; Order, Dec. 27, 2016, at 2

[ECF No. 1527] ("The trial will address *all triable issues in each case*.").

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to

preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

"[B]ecause the plaintiffs are West Virginia residents and had their surgeries at hospitals in West Virginia, the cases solely implicate West Virginia law." Pretrial Order No. 184 at 4 (citing *McKinney v. Fairchild Intern., Inc.*, 487 S.E.2d 913, 922 (W. Va. 1997) ("Traditionally, West Virginia courts apply the *lex loci delicti* choice-of-law rule; that is, the substantive rights between the parties are determined by the law of the place of injury.")). Accordingly, West Virginia law governs the plaintiffs' case.

## III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' legal theories are without evidentiary or legal support.

### A. Conceded Claims

The plaintiffs concede the following claims: manufacturing defect, fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, breach of warranty, negligent infliction of emotional distress, violation of consumer protection laws, and unjust enrichment. Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

### B. Failure to Warn

The evidence shows that Ms. Barr's implanting physician did not rely on the TVT's Instructions for Use and that any other warning would not have altered his decision to perform the surgery on her. *See generally* Dr. Sze Dep., May 13, 2016 [ECF No. 1042-2]; Dr. Sze Dep., June 25, 2016 [ECF No. 1042-1]. Based on the evidence, the operation of the learned intermediary doctrine stymies the plaintiff's failure to warn claims against Ethicon. *See Tyree v. Bos. Sci. Corp.*, 56 F. Supp. 3d 826, 833 (S.D. W. Va. 2014) (predicting that the West Virginia Supreme Court would apply the learned intermediary doctrine in the medical device context). Accordingly, Ethicon's Motion on this point is **GRANTED**.

### C. Defective Product

West Virginia does not recognize a claim for "defective product." Instead, state law recognizes three categories of claims regarding defective products: design defect, structural defect, and use defect. *See Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666, 682 (W. Va. 1979). Accordingly, Ethicon's Motion as to Count IV (Strict Liability—Defective Product) is **GRANTED**.

### D. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

Case 2:12-cv-02952 Document 1544 Filed 01/19/17 Page 5 of 5 PageID #: 74325

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 1042] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: manufacturing defect, fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, breach of warranty, negligent infliction of emotional distress, violation of consumer protection laws, unjust enrichment, strict-liability—defective product, and failure to warn. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 19, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE