IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

        Plaintiffs,

v.     CIVIL ACTION NO.   2:12-cv-02952

ETHICON, INC., et al.,

        Defendants.


MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Partial Summary Judgment
re: Janet Webb, No. 2:13-cv-04517)

Pending before the court is the defendants' Motion for Partial Summary Judgment [ECF No. 1161]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This case represents the consolidation of twenty-six out of nearly 28,000 cases filed against Ethicon, Inc. and Johnson & Johnson, Inc. (collectively "Ethicon"). The Ethicon MDL is one of seven MDLs assigned to me related to pelvic mesh, collectively encompassing over 60,000 cases. This action involves twenty-six West Virginia plaintiffs who were implanted with Tension-free Vaginal Tape ("TVT"), a mesh product manufactured by Ethicon to treat stress urinary incontinence ("SUI"). These cases have been consolidated on all claims. *See* Pretrial Order No. 184 [ECF No. 25] ("PTO"); Fourth Am. Docket Control Order [ECF No. 258]; Order, Dec. 27, 2016, at 2

[ECF No. 1527] ("The trial will address *all triable issues in each case*.").

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to

preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

"[B]ecause the plaintiffs are West Virginia residents and had their surgeries at hospitals in West Virginia, the cases solely implicate West Virginia law." Pretrial Order No. 184 at 4 (citing *McKinney v. Fairchild Intern., Inc.*, 487 S.E.2d 913, 922 (W. Va. 1997) ("Traditionally, West Virginia courts apply the *lex loci delicti* choice-of-law rule; that is, the substantive rights between the parties are determined by the law of the place of injury.")). Accordingly, West Virginia law governs the plaintiff's case.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiff's legal theories are without evidentiary or legal support.

### A. Failure to Warn

The plaintiff has failed to produce any evidence to show that any other warning would have altered her implanting physician's decision to perform the surgery on her. *See generally* Dr. Edwards Dep., May 17, 2016 [ECF No. 1161-3]. Based on the evidence, the operation of the learned intermediary doctrine stymies the plaintiff's failure to warn claim against Ethicon. *See Tyree v. Bos. Sci. Corp.*, 56 F. Supp. 3d 826, 833 (S.D. W. Va. 2014) (predicting that the West Virginia Supreme Court would

3

apply the learned intermediary doctrine in the medical device context). Accordingly, Ethicon's Motion on this point is **GRANTED**.

    B.    **Manufacturing Defect**

The plaintiff points to no evidence that the TVT device departed from its intended design at the time it left Ethicon's control. Accordingly, Ethicon's Motion on this point is **GRANTED**.

    C.    **Fraud-based Claims and Negligent Misrepresentation**

The plaintiff's fraud-based claims and negligent misrepresentation claim are simply repackaged failure-to-warn claims. But the plaintiff has not identified any particular statements by Ethicon upon which she relied. This inability to identify any particular fraudulent statements upon which she relied indicates that the gravamen of these claims is Ethicon's failure to warn her about particular risks or dangers associated with the TVT. If the learned intermediary doctrine "could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless." *In re Norplant Contraceptive Prods. Liab. Litig.,* 955 F. Supp. 700, 709 (E.D. Tex. 1997). Accordingly, I predict with confidence that, if confronted with this issue, the West Virginia Supreme Court would hold that the learned intermediary doctrine applies to all claims based on a medical device manufacturer's failure to warn, including fraud, fraudulent concealment, constructive fraud, and negligent misrepresentation. Accordingly, Ethicon's Motion regarding the plaintiff's fraud-based claims and negligent misrepresentation claim

4

is **GRANTED**.

### D.   Breach of Express Warranty

The plaintiff cannot establish that Ethicon made any express warranty, as defined by W. Va. Code § 46-2-313(1), because she has not even identified any statement made by Ethicon to her concerning the TVT. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### E.   Breach of Implied Warranty (Fitness for a Particular Purpose)

The plaintiff has not presented any evidence that her physician selected her TVT device for anything other than its intended purpose, which is the treatment of SUI. *See* W. Va. Code. § 46-2-315; *see also Keffer v. Wyeth*, 791 F. Supp. 2d 539, 547 (S.D. W. Va. 2011) (Copenhaver, J.) (noting that W. Va. Code § 46-2-315 "requires a particular purpose that differs from the ordinary purpose for which the goods are generally used"). Accordingly, Ethicon's Motion on this point is **GRANTED**.

### F.   Unjust Enrichment

The plaintiff has not identified any evidence to support her unjust enrichment claim. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### G.   Defective Product

West Virginia does not recognize a claim for "defective product." Instead, state law recognizes three categories of claims regarding defective products: design defect, structural defect, and use defect. *See Morningstar v. Black & Decker Mfg. Co.*, 253 S.E.2d 666, 682 (W. Va. 1979). Accordingly, Ethicon's Motion as to Count IV (Strict

Liability—Defective Product) is **GRANTED**.

### H. Consumer Protection Laws

The plaintiff's claim under the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.*, fails because she has offered no evidence that she provided Ethicon with the requisite notice and opportunity to cure. *See* W. Va. Code § 46A-6-106(c) ("[N]o action, counterclaim, cross-claim or third-party claim may be brought pursuant to the provisions of this section until the person has informed the seller or lessor in writing and by certified mail, return receipt requested, of the alleged violation and provided the seller or lessor twenty days from receipt of the notice of violation but ten days in the case a cause of action has already been filed to make a cure offer . . . ."); *see also Bennett v. Skyline Corp.*, 52 F. Supp. 3d 796, 812 (N.D. W. Va. 2014) (Keeley, J.) ("This Court agrees that even if the plaintiff's claims fell within the purview of Section 46A–6–106(a), the plaintiff's failure to comply with the mandatory prerequisite set forth in Section 46A–6–106(b) bars her from bringing a claim." (quoting *Stanley v. Huntington Nat'l Bank*, No. 1:11-cv-54, 2012 WL 254135, at *8 (N.D. W. Va. Jan. 27, 2012) (Stamp, J.))). Accordingly, Ethicon's Motion on this point is **GRANTED**.

### I. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiff's remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Partial Summary Judgment [ECF No. 1161] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: manufacturing defect, fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, breach of express warranty, breach of implied warranty for fitness for a particular purpose, violation of consumer protection laws, strict liability—defect product, unjust enrichment, and failure to warn. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 20, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE