IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

        Plaintiffs,

v.                              CIVIL ACTION NO.   2:12-cv-02952

ETHICON, INC., et al.,

        Defendants.


MEMORANDUM OPINION & ORDER
(Order re: Ethicon's Motion for Reconsideration
or, Alternatively, Motion to Preclude Plaintiffs from
Compelling Trial Testimony of Dan Smith and Laura Angelini)

Pending before the court is Ethicon's Motion for Reconsideration or, Alternatively, Motion to Preclude Plaintiffs from Compelling Trial Testimony of Dan Smith and Laura Angelini [ECF No. 1614] filed on January 30, 2017. The plaintiffs filed their Response [ECF No. 1626], and Ethicon filed its Reply [ECF No. 1668]. For the reasons provided below, Ethicon's Motion for Reconsideration and its Alternative Motion are **DENIED**.

## I.    Background

On December 7, 2015, the court entered an Order granting the plaintiffs' Motion to Permit Live Trial Testimony via Contemporaneous Transmission [ECF No. 170]. *See generally* Mem. Op. & Order, Dec. 7, 2015 [ECF No. 236]. The focus of the

court's Order—as it is here—was the availability of two Ethicon employees whom the plaintiffs wish to call as trial witnesses.

> The plaintiffs wish to call at trial Dan Smith and Laura Angelini. Smith is an engineer for Ethicon and, among other things, "has intimate knowledge of the design of the TVT." Angelini—the 'godmother of TVT'—has worked for Johnson & Johnson and its subsidiaries for more than twenty years. According to the plaintiffs, "[t]hese witnesses possess knowledge that is crucial to this [consolidated] case." Both were deposed as witnesses pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

*Id.* at 1–2 (citations omitted). When the court entered its previous Order, the plaintiffs wanted to present the live testimony of Smith and Angelini, but Ethicon refused to make Smith and Angelini available. *Id.* at 2. After applying a multi-factor test, the court determined that "[e]ach factor tips the scale further in favor of testimony by live video transmission. Testimony of this sort may be less favorable than live testimony from a witness seated at the witness stand, but it is more favorable than an attorney's cut of deposition videos." *Id.* at 5.

Ethicon now argues that the factors the court considered in its prior Order no longer support permitting Smith and Angelini to appear at trial by contemporaneous electronic transmission. Alternatively, Ethicon argues that the court should prohibit the plaintiffs from subpoenaing these witnesses on the grounds that these witnesses are outside the court's subpoena authority. These arguments are addressed below.

## II. Legal Standard

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Com. Builders, Inc.*, 936 F.2d 1462,

1469 (4th Cir. 1991). Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). Any party may move for reconsideration of an interlocutory order "at any time prior to the entry of a final judgment," and the court may review its own interlocutory orders sua sponte. *Fayetteville*, 936 F.2d at 1472; *see also Cap. Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (observing that Rule 54(b) recognizes the district court's inherent power to reconsider an interlocutory order as justice requires). Moreover, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Instead, reconsideration of an interlocutory order is "committed to the discretion of the district court." *Id.* at 515.

A federal district court "may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Testimony of this type is permitted only on showing "good cause in compelling circumstances." Fed. R. Civ. P. 43(a). When determining whether there is good cause and compelling circumstances, the court has considered various factors:

> (1) the control exerted over the witness by the defendant; (2) the complex, multi-party, multi-state nature of the litigation; (3) the apparent tactical advantage, as opposed to any real inconvenience to the witness, that the defendant is seeking by not producing the witness

3

> voluntarily; (4) the lack of any true prejudice to the defendant; and (5) the flexibility needed to manage a complex multi-district litigation.

Mem. Op & Order, Dec. 7, 2015, at 2 (citing *In re Vioxx Prods. Liab. Litig.*, 439 F. Supp. 2d 640, 643 (E.D. La. 2006)); *see also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2414 (3d ed. 2008) ("One district court offered an interesting and helpful approach to Rule 43(a) by enumerating a series of issues that it would consider when deciding whether compelling circumstances existed to allow for contemporaneous transmission." (citing *In re Vioxx, supra*)).

### III. Discussion

Ethicon's principal argument in support of its Motion for Reconsideration is that the relevant factors no longer weigh in favor of the plaintiffs because of a change in Smith's and Angelini's employment with Ethicon. Ethicon states, "Ms. Angelini is no longer employed by Ethicon, Johnson & Johnson, or any affiliated company, and Mr. Smith is retiring on February 24. Accordingly, the [court] should find that the factors previously considered no longer weigh in favor of contemporaneous transmission of trial testimony." Defs.' Mot. 1. In support of its Alternative Motion, Ethicon states that the court "should prohibit Plaintiffs from compelling these witnesses to testify. . . . Mr. Smith and Ms. Angelini are beyond the Court's subpoena power under Rule 45, and should not be subpoenaed to testify at this trial." *Id.* at 2.

The plaintiffs argue that the applicable factors continue to support a showing of "good cause in compelling circumstances and with appropriate safeguards" under Rule 43(a) of the Federal Rules of Civil Procedure. Additionally, the plaintiffs argue

4

that the court has authority to subpoena Smith and Angelini under Rule 45 of the Federal Rules of Civil Procedure.

### A. Motion for Reconsideration

The five factors previously considered by the court continue to weigh in favor of permitting contemporaneous electronic testimony at trial. Only the first factor supports Ethicon's position: the control exerted over the witness by the defendant. *See* Mem. Op. & Order, Dec. 7, 2015, at 2.

Ethicon states that "the Court previously found that 'defendants unquestionably have control of the witnesses because they currently employ Smith and Angelini.' This is no longer true, and this factor no longer weighs in favor of Plaintiffs' request." Defs.' Mot. 4 (citation omitted). The plaintiffs argue that, as for Smith—who will be employed with Ethicon until February 24, 2017—"Ethicon could make some arrangement with Mr. Smith to allow his testimony by video at trial." Pls.' Resp. 4–5. Additionally, the plaintiffs state that "Ethicon does not specify when or under what circumstances Ms. Angelini left the company, but it is undisputed that Ms. Angelini stopped work with the company sometime after this Court's December 7, 2015 Order." *Id.* at 5. The plaintiffs further argue the following:

> [I]t can be assumed here that Ethicon still retains some degree of control over these former employees and crucial witnesses, and that its failure to exert control to require the witnesses to appear live at trial should not hinder this Court from permitting them to give live testimony via contemporaneous transmission at a remote location.

5

*Id.* at 5 (citing generally *In re Actos (Pioglitazone) Prod. Liab. Litig.*, No. 12-cv-00064, 2014 WL 107153, at *6–7 (S.D.N.Y. Aug. 13, 2014)). The court, however, is not persuaded by these arguments. Instead, the court will generally presume that Ethicon *does not* exert control over its former employees. Accordingly, the first factor does not favor the plaintiffs. The remaining factors, however, weigh in favor of the plaintiffs.

As for the second factor, this consolidated case, in and of itself, involves complex issues and multiple parties. This small compilation of West Virginia cases represents a much larger collection of cases that involves parties from across the several states. As a result, this small sampling of cases will bear on many more cases beyond the bounds of this consolidated trial.

As for the third factor, whether the defendants are attempting to gain a tactical advantage, is not immediately known. Ethicon argues, "Plaintiffs can no longer claim that Ethicon is trying to gain any tactical advantage by not producing the witnesses, as these witnesses are now outside of Ethicon's control." Defs.' Mot. 4. The plaintiffs argue, though, that they were not informed that Angelini left Ethicon's employment until the filing of the present Motion, and they point out that Ethicon did not disclose *when* it learned of Smith's and Angelini's new employment circumstances. *See* Pls.' Resp. 6 ("The fact that Ethicon never attempted to address this issue before now underscores its tactical attempt to prevent these witnesses from testifying live to the jury."). The court need not speculate as to Ethicon's motives, however, because

6

Ethicon certainly would have a de facto advantage under the circumstances given that there is little time between now and the March 6, 2017, trial date for the plaintiffs to adapt their trial strategy to any ruling that would prohibit anticipated live video testimony of key witnesses.

As for the fourth factor, Ethicon's arguments regarding potential prejudice are unpersuasive. Ethicon makes the following assertions:

> Ethicon is unsure of how Plaintiffs intend the examination to occur, but any option carries the potential for prejudice. If Ethicon sends an attorney to the location of the witness to examine him or her there, with the judge and jury looking on remotely, it will be difficult for the parties to have sidebar with the judge. This option also requires Ethicon to incur the expense of sending additional counsel to the location of the witness. If the witness is examined by counsel in the West Virginia courtroom over remote transmission, it will be more difficult to use exhibits with the witness. Counsel would also not be able to adapt the exhibits in accordance with trial strategy, as they would have had to be shipped to the witness's location in advance.

Defs.' Mot. 4. Importantly, Ethicon did not argue that it would suffer any prejudice under the fourth factor in response to the plaintiffs' original motion. *See generally* Defs.' Resp. to Pls.' Mot. re: Live Trial Test. [ECF No. 212]; *see also* Mem. Op. & Order, Dec. 7, 2015, at 4 ("[T]he defendants do not claim they will be prejudiced by live video transmission of the witnesses' testimony. The court will not conjure up potential prejudices to support the defendants' position."). "Despite videoconferencing's deficiencies, courts in this circuit and elsewhere have approved or affirmed its use in the civil context." *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010); *see also* Wright*, supra*, § 2414 (3d ed. 2008) ("[F]ederal courts have

7

shown consistent sensitivity to the utility of evolving technologies that may facilitate more efficient, convenient, and comfortable litigation practices."). The court will not reconsider its prior Order just because Ethicon now makes arguments that were previously available to it.

The fifth factor remains true today:

> [T]he management of complex multi-district litigation of this variety requires flexibility. This consolidated case may impact hundreds and thousands of cases in this MDL, so it is important to ensure a coherent presentation of the evidence. Live video transmission will promote coherency, especially when the alternative is spliced, edited, and recompiled clips of depositions that took place over multiple days. Additionally—considering the volume of cases in this MDL—it is important to ensure efficient use of judicial resources. Again, live video transmission will promote this interest, relieving the district court and the magistrate court of the burden of reviewing voluminous transcripts of multi-day depositions, analyzing hours of edited videos submitted for trial, and then ruling on objections to those videos.

Mem. Op. & Order, Dec. 7, 2015, at 4–5. Accordingly, the fifth factor weighs in favor of the plaintiffs.

Four of the five factors tip the scale in favor of testimony by live video transmission. Thus, good cause and compelling circumstances continue to support the presentation of Smith and Angelini's testimony via contemporaneous electronic transmission. Accordingly, Ethicon's Motion for Reconsideration is **DENIED**.

### B. Alternative Motion

Ethicon's Alternative Motion is not properly before the court. The court's prior Order stated the following:

> Whether a subpoena may issue is not before the court. Any discussion of the applicability and reach of Rule 45 of the Federal Rules of Civil Procedure is tertiary to the relief requested by the plaintiff (i.e., that the court "permit live trial testimony via contemporaneous transmission"). The court will not assume the plaintiffs are requesting an order compelling the witnesses to testify via live video transmission when the plaintiffs have not sought a subpoena to this effect and have not clearly stated they are seeking such an order.

Mem. Op. & Order, Dec. 7, 2015, at 3 n.1 (citation omitted). These same circumstances are present today, except that it is now Ethicon's motion pending before the court. There are no motions before the court to compel compliance with any subpoena, and there are no motions to quash any subpoena. Instead, Ethicon requests that the court prohibit the plaintiffs from issuing subpoenas to Smith and Angelini. Ethicon states that, based on information and belief, the plaintiffs have already subpoenaed Angelini. Defs.' Mot. 5. The court has no information regarding any subpoena issued to Smith. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005) (citing Wright, *supra*, at § 2459 (1995)). Ethicon has not alleged that it has any personal right or privilege in any information sought from Angelini. Thus, Ethicon does not have standing to challenge any subpoena issued to Angelini. Further, the court will not issue what amounts to be an advisory opinion as to the court's authority to issue a subpoena regarding Smith. Accordingly, Ethicon's Alternative Motion is **DENIED**.

## IV. Conclusion

For the reasons provided above, Ethicon's Motion for Reconsideration or, Alternatively, Motion to Preclude Plaintiffs from Compelling Trial Testimony of Dan Smith and Laura Angelini [ECF No. 1614] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    February 8, 2017

        _____
        JOSEPH R. GOODWIN
        UNITED STATES DISTRICT JUDGE