IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRESKI MULLINS, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-02952

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION & ORDER
*(Motions in Limine)*

Pending before the court are the plaintiffs' Motions in Limine [ECF Nos. 936, 937, 938, 942, 945, 952, 953, 954, 955, 956, 958, 959, 960, 961, 962, 965, 966, 967, 969, 793], the plaintiff Kathy Jones's Motion to Withdraw Motion in Limine [ECF No. 904], and the defendants' Motions in Limine [ECF Nos. 939, 941].

This consolidated case involving approximately twenty-five plaintiffs resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 58,000 cases currently pending, approximately 28,000 of which are in this MDL, which involves defendants Johnson & Johnson and Ethicon, Inc. (collectively "Ethicon"), among others.

In this MDL, the court's tasks include "resolv[ing] pretrial issues in a timely

and expeditious manner" and "resolv[ing] important evidentiary disputes." Barbara J. Rothstein & Catherine R. Borden, Fed. Judicial Ctr., *Managing Multidistrict Litigation in Products Liability Cases* 3 (2011). The court seeks the assistance of the parties in completing these tasks by asking the parties to focus on discrete, important, or more relevant matters. Here, the court expected the parties to focus their motions in limine on "highly prejudicial statements in opening or closing statements or questions at trial that, once heard by the jury, cannot be easily cured by an instruction to disregard." Pretrial Order No. 234, at 5 [2:12-md-2327 ECF No. 2314] ("PTO 234"). The court further cautioned that it would "not provide advisory opinions on the admissibility of evidence a party may offer at trial and [would] summarily deny those motions as premature." *Id.*

### a. The Defendants' Motion to Exclude the January 2012 "522" Letters and Subsequent FDA Actions (Motion in Limine No. 11) [ECF No. 939]

The defendants ask the court to exclude evidence of the January 2012 "522" letters and subsequent FDA actions that would have applied to Ethicon devices if they had not been discontinued, arguing it is prejudicial under Federal Rules of Evidence 403 and would require presentation of evidence on a collateral issue. Mem. Supp. Mot. Lim. 19–21 [ECF No. 940]. The plaintiffs do not contest this Motion. Resp. 21 [ECF No. 1208]. Indeed, the court has excluded this same evidence on prior occasions. *See, e.g., Bellew v. Ethicon, Inc.*, No. 2:13-cv-22473, 2014 WL 6680356, at *1 (S.D. W. Va. Nov. 25, 2014). The court **GRANTS in part** the defendants' Motion in

2

Limine [ECF No. 939] on this point and in any instance where the plaintiffs concede to the defendants' Motion; the remainder of the Motion is **DENIED without prejudice**.

## b. The Defendants' Motion to Exclude Evidence of Plaintiffs' Allegations of Spoliation [ECF No. 941]

The defendants have separately filed a motion in limine to exclude evidence related to spoliation. [ECF No. 941]. The plaintiffs have repeatedly alleged that the defendants lost or destroyed documents relevant to this multidistrict litigation. On February 4, 2014, Magistrate Judge Eifert held that the defendants' actions were negligent, not willful or deliberate, and denied the plaintiffs' motions for severe sanctions, such as default judgment, striking of defenses, or offering an adverse instruction in every case. Pretrial Order No. 100, Feb. 4, 2014 [ECF No. 1069]. However, Judge Eifert recommended that I allow the plaintiffs "the opportunity to introduce evidence regarding [the defendants'] loss of relevant documents on a case-by-case basis, and, when appropriate, to tender an adverse inference instruction." *Id.* at 42–43. The plaintiffs have since asked Judge Eifert to reconsider Pretrial Order # 100, claiming that they have discovered new evidence that establishes that the defendants' duty to preserve evidence began earlier than previously thought. *See* Pls.' Request for Clarification and Reconsideration [2:12-md-2327 ECF No. 1099].

While a motion for reconsideration is pending before Judge Eifert, the parties have indicated that they do not desire a ruling on the motion at this time. If and until Judge Eifert rules on the motion to reconsider, her original ruling remains in force

and effect. The plaintiffs have not offered argument that evidence of spoliation will be relevant *in their respective cases*. Further, the court has previously dismissed the plaintiffs' spoliation claims. *See* Order, Nov. 18, 2016 [ECF No. 1507]. Therefore, the defendants' Motion in Limine [ECF No. 941] on the issue of spoliation is **GRANTED**.

### c. Remaining Motions

The remaining plaintiffs' Motions in Limine [ECF Nos. 936, 937, 938, 942, 945, 952, 953, 954, 955, 956, 958, 959, 960, 961, 962, 965, 966, 967, 969] do not comport with PTO 234's requirement to focus on "highly prejudicial statements in opening or closing statements or questions at trial that, once heard by the jury, cannot be easily cured by an instruction to disregard" and are more appropriately handled by the trial court judge following remand or transfer at or before trial. PTO 234 at 5. Accordingly, the plaintiffs' individual, case-specific Motions in Limine [ECF Nos. 936, 937, 938, 942, 945, 952, 953, 954, 955, 956, 958, 959, 960, 961, 962, 965, 966, 967, 969] are **GRANTED** insofar as they are conceded and are otherwise **DENIED without prejudice**.

The Motion in Limine filed by the plaintiff Kathy Jones at ECF No. 793 was filed in error, therefore, the plaintiff Kathy Jones's Motion to Withdraw [ECF No. 904] is **GRANTED**. The Motion in Limine [ECF No. 793] is **DENIED as moot**.

### d. Conclusion

The defendants' Motion in Limine [ECF No. 939] is **GRANTED in part** as to Motion in Limine No. 11 and any other conceded motion therein; the remainder of

4

the Motion is **DENIED without prejudice**. The defendants' Motion to Exclude Evidence of Plaintiffs' Allegations of Spoliation [ECF No. 941] is **GRANTED**. The plaintiffs' individual, case-specific Motions in Limine [ECF Nos. 936, 937, 938, 942, 945, 952, 953, 954, 955, 956, 958, 959, 960, 961, 962, 965, 966, 967, 969] are **GRANTED** insofar as they are conceded and are otherwise **DENIED** without prejudice. The Motion in Limine filed by the plaintiff Kathy Jones at ECF No. 793 was filed in error, therefore, the plaintiff Kathy Jones's Motion to Withdraw [ECF No. 904] is **GRANTED**. The Motion in Limine [ECF No. 793] is **DENIED as moot**.

    The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    February 8, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE